# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **GREAT WESTERN LAND &** | § | |
| **RECREATION, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-06-3370** |
| | § | |
| **BD REALTY ADVISORS, LLC, and** | § | |
| **BRADLEY A. DILL,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Bradley A. Dill's Motion to Dismiss for Plaintiff's Failure to State a Claim (Doc. No. 9).  For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff Great Western Land & Recreation, Inc. ("Great Western") and Defendant BD Realty Advisors, LLC ("BD Realty") are real estate development companies.  They entered into a subdivision development project together, and BD Realty was designated the Project Manager. Defendant Bradley A. Dill was president of BD Realty.  Disputes arose out of the joint development project, and Great Western has filed suit against both BD Realty and Mr. Dill in his personal capacity.  The claims asserted against Mr. Dill are breach of fiduciary duty, negligence, and conspiracy.  Mr. Dill argues that Plaintiff has not stated a claim against him on which relief can be granted.

## B. ANALYSIS

A court may dismiss a suit for failure to state a claim only if the complaint clearly demonstrates that plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In this case, Plaintiff could prevail on its claims against Mr. Dill for breach of fiduciary duty, negligence, and conspiracy.

Under Texas law, a corporate officer can be held personally liable for misconduct when "he had direct, personal participation in the wrongdoing, as to be the 'guiding spirit' behind the wrongful conduct or the 'central figure' in the challenged corporate activity." *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.) (citing *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir.1985) (internal quotations omitted)). In addition, "[i]t is the general rule in Texas that corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation." *Shapolsky v. Brewton*, 56 S.W.3d 120, 133 (Tex. App.—Houston 2001, pet. denied). The Court finds that there are sufficient facts pled both in Plaintiff's Original Complaint and Plaintiff's First Amended Original Complaint to satisfy the liberal pleading requirements of Federal Rule of Civil Procedure 8(a). If proven, the facts contained in the complaint could establish claims of breach of fiduciary duty, negligence, and conspiracy against Mr. Dill in his individual capacity. Thus, Mr. Dill's motion to dismiss for failure to state a claim is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 14th day of June, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT